UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| George C. McCullough, | ) | C/A No. 8:08-4137-GRA-WMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| United States of America; | ) | |
| George W. Bush Jr.; | ) | |
| Richard B. Cheney; | ) | |
| Nancy Pelosi; | ) | |
| John G. Roberts Jr.; | ) | |
| and et al U.S. persons thereof, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed *pro se*. Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case. (Entry 4). The case is presently before the undersigned Magistrate Judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon*

*v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[1] Even under this less stringent standard, the complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Background**

Plaintiff claims that an unlawful medical procedure was performed on him sometime between March 17, 1978, and April 1, 1978. Plaintiff states "preliminary discovery of injuries were made around April 2, 1978." *See* Plaintiff's Complaint, page 8. Plaintiff alleges that, after being rendered unconscious with anesthetic drugs, a wireless telemetric device was surgically injected into Plaintiff's brain. Plaintiff also claims that portions of his ribs were fused, and derogatory surgical scaring and occult-like graphic depictions in the

---

[1] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

form of branding marks, tattoos, and pockmarks were physically inflicted on Plaintiff's anatomy during the procedure. Plaintiff states he has suffered psychological and physical pain as a result of his injuries. Plaintiff further claims that his thoughts have been publicly disclosed, broadcasted, and transmitted via the surgically injected telemetric device, thus causing damage to Plaintiff's reputation.

Plaintiff states that the "United States, under color of law, has in its actions willfully subjected me to the deprivation of certain rights . . . [d]isabling bodily injuries and psychological trauma . . . ." *See* Plaintiff's Complaint, page 8. Plaintiff further complains that a previous lawsuit he filed with this Court was dismissed, "under the auspices of Chief Justice John G. Roberts." *Id.* Plaintiff claims Defendant George W. Bush, Jr., as acting President of the United States, aided and gave authorization for the transmission of information from Plaintiff's telemetric device. *See* Plaintiff's Complaint, page 9. Finally, Plaintiff alleges that "President George W. Bush Jr. as acting executive officer, House of Representatives members under auspices of Nancy Pelosi, and Senate members of the legislator under the auspices of Richard B. Cheney frequently occasion access to these broadcast forums to both harass and persecute me." *Id.* at page 10. Plaintiff seeks damages and injunctive relief.

## Discussion

As an initial matter, the Plaintiff has previously brought a claim in this District Court seeking recovery for alleged federal constitutional or statutory violations under 42 U.S.C.

§ 1983 (referred to as the *Bivens* Doctrine where federal officials/employees are involved).[2] In fact, Plaintiff's present complaint states, "[t]he cause of action was first presented before the United States District Court of South Carolina on July 26, 2007 . . . it was dismissed October 11, 2007 without prejudice on further action. The claim is again filed in good faith . . . ." *See* Plaintiffs Complaint, Section III, Previous Lawsuits.

Plaintiff's prior claim involved one of the same Defendants named in the present action, the United States of America, and asserted similar allegations. *See George C. McCullough v. United States of America*, Civil Action No. (C/A No.) 8:07-2104-GRA-WMC (SCDC)(dismissed without prejudice on October 11, 2007).[3] This court takes judicial notice of C/A No. 8:07-2104-GRA-WMC . A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

As in Plaintiff's prior lawsuit, the current action names a party, The Unites States of America, which is not a proper Defendant in an action under 42 U.S.C § 1983/*Bivens*. Under the well-established legal doctrine of sovereign immunity, the United States, its

---

[2] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

[3] Plaintiff appealed the Court's dismissal of C/A No. 8:07-2104-GRA-WMC to the United States Court of Appeals for the Fourth Circuit, which affirmed the Court's decision on May 20, 2008.

4

departments, and agencies cannot be sued without its express consent. *See U. S. v. Mitchell*, 463 U.S. 206, 212 (1983). The United States has not consented to a *Bivens* suit against it or against one of its agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994); *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Thus, no viable *Bivens* claim can be stated against the United States of America.

Additionally, Plaintiff has named other Defendants in the present action who are immune from suit under §1983/*Bivens.* The United States Supreme Court has recognized the defense of "absolute immunity" for "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Included in this list are "legislators, in their legislative functions . . . judges, in their judicial functions . . . and the President of the United States." *Id*. (citations omitted). *See also Hafer v. Melo*, 502 U.S. 21, 29 (1991). In the instant complaint, Plaintiff names the following Defendants: Chief Justice of the United States Supreme Court, John G. Roberts, Jr.; President George W. Bush, Jr.; and Speaker of the United States House of Representatives, Nancy Pelosi. As Plaintiff names these Defendants for actions taken in their official capacities, Defendants Roberts, Bush, and Pelosi are protected by absolute immunity and are entitled to dismissal from this suit.[4] *See also Berkley v. Common Council of City of Charleston*, 63 F.3d 295, 300-301 (4th Cir. 1995)(recognizing long tradition of granting legislators at all levels of government a broad immunity from suits based upon

---

[4] While case law does not appear to extend the protection of absolute immunity to the Vice President, Plaintiff named Defendant Richard B. Cheney is his role as President of the Senate. Therefore, it is possible that Defendant Cheney may be protected by legislative immunity, or in the alternative, be entitled to qualified immunity. However, as the complaint is subject to dismissal on other grounds, a detailed discussion regarding the possible scope of former Vice President Cheney's immunity is unnecessary.

legitimate legislative activity)*; Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions").

Plaintiff also lists, in the body of his complaint, several "John Doe" type names, and the names of two "non-government employed" private medical doctors, Dr. Jane Reister and Dr. Eric Bang. *See* Plaintiff's Complaint, page 11. As these individuals were not listed in the complaint's caption as defendants, and no service documents were provided for these individuals, it does not appear that Plaintiff intended them to be included as defendants in this case. In any event, a suit against private individuals or "non-government employees," cannot be raised under § 1983/*Bivens.* To state a claim under § 1983/*Bivens*, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In the present action, Plaintiff does not state that the private physicians acted under color of federal law. Additionally, all of the "John Doe" type individuals appear to be either "independent instrumentalities" and/or "non-government employees." Therefore these individuals would not be amenable to suit under § 1983/*Bivens*.

Further, as stated in the Report and Recommendation prepared for Plaintiff's previous case, C/A No. 8:07-2104-GRA-WMC , it appears from the face of the complaint that any potential *Bivens* claim that Plaintiff might have, based on his nearly thirty year-old personal injuries, would be barred by the applicable three-year statute of limitations. *See Chin v. Bowen*, 833 F.2d 21 (2d Cir. 1987) (applying state statute of limitations for personal

injury action to *Bivens* claim).  *See also* S.C. Code Ann. § 15-3-530(5); *Simmons v. S. C. State Ports Auth.*, 694 F.2d 64 (4th Cir. 1982)(citing to previous version of statute).  Since Plaintiff specifically states that he has known about his injuries since April of 1978, his current *Bivens* claim against the allegedly responsible federal officials/employees is not timely filed.

Furthermore, to the extent that Plaintiff's complaint can be construed as an attempt to state a Federal Tort Claims Act (FTCA) claim against the United States based on negligence of the named Defendants, the complaint is also subject to summary dismissal. Although the "United States" is the proper Defendant in a FTCA case, because the United States has waived its sovereign immunity in the limited area of negligence-based personal injury action, an injured party may sue the United States for damages allegedly caused by a federal agency, officer, or employee only in specific and limited circumstances.[5]  Such specific and limited circumstances are not shown under this complaint because there is no indication that Plaintiff complied with FTCA pre-suit requirements in a timely fashion prior to filing this lawsuit.  *See Myers & Myers, Inc. v. U. S. Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975).

For example, within two years of the discovery of the subject personal injuries, an administrative claim must be filed on the "Standard Form 95" with the appropriate federal agency before commencement of a civil action in a district court under the FTCA.  *See* 28 U.S.C. § 2401 (administrative claim must be filed "within 2 years after such claim accrues");

---

[5] *See* 28 U.S.C.§ 1346, 2674.  The FTCA waives the sovereign immunity of the United States in certain situations.  Litigants must strictly comply with the requirements of the FTCA.  *See* 28 U.S.C. § 2675; *U. S. v. Kubrick*, 444 U.S. 111, 117-18 (1979).

28 C.F.R. § 14.2 (references standard form 95 and methods of presentation of claim to applicable agency). Also, the burden is on the plaintiff in a FTCA case to prove that he/she completed all the conditions precedent to filing a lawsuit. *Kielwien v. U. S.*, 540 F.2d 676, 679 (4th Cir. 1976). As previously stated, Plaintiff's complaint makes no mention of the filing of any timely and statutorily proper administrative claim based on his allegations of personal injuries with any federal agency prior to the filing of this lawsuit. Finally, because there do not appear to be any other potentially viable federal legal claims evident from the face of the complaint, this entire case should be summarily dismissed.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

February 5, 2009  
Greenville, South Carolina

WILLIAM M. CATOE  
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).