UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| George C. McCullough,         ) | |
| ) | C/A No. 8:08-4137-GRA-WMC |
| Plaintiff,    ) | |
| ) | |
| vs.                                       ) | ORDER |
| ) | |
| ) | |
| United States of America;      ) | |
| George W. Bush Jr.;              ) | |
| Richard B. Cheney;               ) | |
| Nancy Pelosi;                       ) | |
| John G. Roberts Jr.;              ) | |
| and et al U.S. persons thereof,  ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on January 13, 2009 made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) (D.S.C.). Plaintiff filed this action on December 24, 2008 pursuant to 42 U.S.C. § 1983. On February 5, 2009, the magistrate recommended dismissing this action without prejudice and without service of process. For the foregoing reasons, this Court adopts the magistrate's recommendation.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to

allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The plaintiff first argues that the magistrate failed to take judicial notice of his claims. Judicial notice is a method of demonstrating a particular fact without the formal burdens of proof at trial. In the event that a part seeks judicial review of a particular fact, the opposing party may request a hearing request a hearing to challenge the propriety and matter notice. Fed. R. Evid. 201(e). However, at this phase in the proceeding, judicial notice is not releveant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Accordingly, this objection is without merit.

Second, the plaintiff argues that the doctrine of immunity is inapplicable in pre-trial proceedings. However, as the magistrate points out, immunity has been recognized as a valid and complete defense for certain elected officials for actions. *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). The named defendants are amongst those protected by the doctrine of immunity. Additionally, immunity may be (and generally must be) addressed at the early stages of a proceeding*. Kennedy v. City of Cleveland*, 797 F.2d 297, 300 (6th Cir.1986). Accordingly, this objection must be denied

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety. Accordingly, it is ORDERED that this case is dismissed *without prejudice* and without issuance and service of process. Moreover, all outstanding motions are dismissed as moot.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

February 13 , 2009

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**